HENRY B. BRITTON, Individually and as Surviving Partner of CHARLES P. BRITTON & Co., Appellant, *v.* ROSE B. SCOGNAMILLO, as Executrix, etc., of ENRICO M. SCOGNAMILLO, Deceased, Respondent.

First Department, February 21, 1924.

Contracts — action by stockbroker against executor of deceased customer upon alleged account stated — account set forth balance due broker on transactions on margin, errors and omissions excepted — no demand for payment for more margin or to close account — letter from customer replying to account indicated that he wished to continue business relations and no demand for payment was made until over four years thereafter — account was account current.

An account rendered by a stockbroker to a customer showing the amount due the broker on transactions conducted for the customer upon margin with the notation " E. & O. E.," meaning errors and omissions excepted, which was not accompanied by a demand for payment or for more margin or that the account be closed, was an account current and not an account stated, where it further appears that the customer replied upon receiving the account by a letter indicating that he desired the business relations to continue and that no demand for the payment of the account was made until four years and seven months thereafter.

APPEAL by the plaintiff, Henry B. Britton, individually, etc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 7th day of June, 1923, upon a dismissal of the complaint at the close of the case.

*John V. Irwin* [*Christian S. Lorentzen* of counsel], for the appellant.

*Otterbourg, Steindler & Houston* [*Charles A. Houston* of counsel; *Edwin M. Otterbourg* with him on the brief], for the respondent.

DOWLING, J.:

This is an action by a stockbroker against the executrix of a deceased customer, to recover upon an account alleged to have been stated on May 1, 1913, the transaction involving the usual purchase of stocks by a customer on margin.

---

* Since amd. by Laws of 1922, chap. 430.— [REP.

The account claimed to be an account stated consists of the following statement sent by the broker to his customer:

" Dr. E. M. Scognamillo   In account Current with Charles P. Britton & Co., interest to         Cr.

| Date | Shares | Name | Amount | Date | Shares | Name | Amount |
|---|---|---|---|---|---|---|---|
| 1913 | | | | 1913 | | | |
| Apl. 1. | | Balance | $8686.74 | Apl. 1 | Div. 20 | So. Pac. | $30.00 |
| | 40 | C. P. U. | | | 1½% | | |
| | 30 | A. R. | Long | | Div. 40 | C. P. U. | 50.00 |
| | 20 | So. Pac. | | | 1¼% | | |
| | 10 | B. & O. | | May 1 | | Balance | $8649.77 |
| May 1 | | Interest | 43.03 | | | | |
| | | | $8729.77 | | | | $8729.77 |
| May 1 | | Balance | $8649.77 | | | | |
| | 40 | C. P. U | | | | | |
| | 30 | A. R. | Long | | | E. & O. E. | |
| | 20 | So. Pac. | | | | Charles P. Britton & Co. | |
| | 10 | B. & O. | | | | Per C. A. K." | |

The letters " E. & O. E." appearing in this account have their usual meaning of " errors and omissions excepted."

No demand for any settlement or payment accompanied this statement to which decedent replied in writing under date of May 19, 1913, as follows:

" Being unable to take up or close out the stocks you have purchased and carried for me, as per last statement, I ask you to kindly hold same until my return to this country in October, 1913, when I will settle the account with interest.

         " Yours very truly,
             " E. M. SCOGNAMILLO."

No demand for payment was made on decedent until December 3, 1917.

In *Kennedy* v. *Budd* (5 App. Div. 144) Mr. Justice RUMSEY said, regarding the relation of stockbroker and customer on a transaction of purchase of stock on margin: "Among other engagements made by the broker, Judge HUNT says [in *Markham* v. *Jaudon*, 41 N. Y. 235] that he agrees to carry and hold for the benefit of his customer the stocks bought by him so long as the margin of ten per cent is kept good or until notice is given by either party that the transaction must be closed, and to deliver the shares to the customer when required by him upon receipt of the advances and commissions accruing to the broker. He says that the customer agrees, among other things, to take the shares so purchased on his order whenever

required by the broker, and to pay the difference between the percentage advanced by him and the amount paid therefor by the broker. * * * The object for which the contract is entered into is to give the customer an opportunity, if the stock has been bought for his account, to hold it until the price shall have advanced so that he may make a profit out of the transaction. It is quite clear that this necessarily involves the idea that the contract is, to some extent, to be a continuing one, because, as is said by Judge EARL in *White* v. *Smith* [54 N. Y. 522], a contract of that kind which was immediately to be brought to an end, would be an idle one. The gist of the contract is that the broker shall carry the stock until such time as the customer shall have an opportunity to realize a profit from its advance, or until he shall give notice to the customer that he elects to bring it to an end. But in any event he is bound to carry the stock for a reasonable time to enable the customer to ascertain whether or not he can make a profit on the transaction, if the customer shall pay upon demand whatever margins the broker is entitled to have. Such being the purpose of the contract there is necessarily to be implied from it the principle that the customer is not expected to pay for the stocks thus to be carried until a demand for that payment has been made. The very object of the contract necessarily involves this idea. The broker is to carry the stock upon payment of sufficient margins to protect him from loss by a fall in value, and that necessarily involves the notion that he is not expected to receive any further sum on account of the stock until he shall have demanded it, or until the transaction has been closed. If that construction of the contract be a correct one it necessarily follows that there was no right of action on the part of Mr. Kennedy for the amount advanced by him upon these stocks until he saw fit to close out the transaction, or it was closed out upon orders by the customer."

And in *Thompson* v. *Baily* (220 N. Y. 471) it was said: " In the absence of agreement to the contrary, a purchase upon margin charges a broker with the duty to carry the thing purchased for his customer until additional margin has been demanded and refused."

In the present case, the facts are undisputed that the statement of account has upon its face the letters " E. & O. E.," showing that it was not final and conclusive; it was not accompanied by any demand for more margin, nor for payment of the amount shown to be due thereby, nor that the account be closed; the decedent's letter showed that he desired the relationship with his broker to still continue; and no demand was made for the amount claimed to be

due by decedent until four years and seven months thereafter. Upon all these facts, the account was properly held to be an account current, not an account stated. (See *Watson* v. *Gillespie*, 205 App. Div. 613.)

The judgment appealed from should, therefore, be affirmed, with costs to respondent.

Clarke, P. J., Finch, McAvoy and Martin, JJ., concur.

Judgment affirmed, with costs.